IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD MAX LEWIS,

                        Plaintiff,                    OPINION AND ORDER

    v.

                                                           14-cv-446-wmc

GEORGE STAMPER, *et al.*,

                        Defendants.

In this *pro se* civil rights lawsuit, plaintiff Edward Max Lewis has been granted leave to proceed on claims that the defendants violated his constitutional, statutory and state law rights by failing to provide him with adequate medical and mental health treatment, subjecting him to inhumane conditions of confinement, and using excessive force against him during his confinement at the Forest County Jail between October 26, 2003, and June 28, 2004. Currently before the court are related motions by defendant Betty Thunder to set aside default (dkts. ## 87, 93), which the court will grant, and by plaintiff for default judgment (dkt. # 65), which the court will deny.

OPINION

The Seventh Circuit favors disposing of cases on their merits as opposed to terminating them by default judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Here, no default judgment was ever entered by the court, although a default order was entered by the clerk of court. Under Rule 55(c), "[t]he court may set aside [the] entry of default for good cause." In applying Rule 55(c), "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Id.* (quoting *Sun v. Bd. of Trs. of the*

*Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). Defendant Thunder as shown all three here.

As background, Lewis claims that Thunder ignored his mental health symptoms and the fact that he was suicidal during the time that Lewis was housed in the Forest County Jail. At that time, Thunder was employed by the Forest County Potawatomi Tribe ("FCP Tribe"), but also allegedly served as the Behavioral and Mental Health Supervisor at the jail.

On January 13, 2017, Thunder was served with Lewis's complaint, but she did not file an answer or otherwise plead. On May 10, 2017, therefore, Lewis filed a motion for default judgment as to Thunder. After finding that Thunder had failed to appear, plead or otherwise defend, the clerk of court entered default against her on June 16, 2017. (Dkt. # 87.) Four days later, on June 19, Thunder wrote the court a letter, stating that: she did not have an attorney; she did not understand the need to file an answer; and she was waiting for the court to direct her to appear. (Dkt. # 87.) In a subsequent *pro se* filing, Thunder clarified further that although she learned about the lawsuit on January 17, 2017, she believed the FCP Tribe was representing her until June 16, 2017, when she received notice of the clerk's entry of default. (Dkt. # 93.) Thunder further represents that as soon as she learned that the FCP Tribe was not representing her, she called the court. Finally, Thunder argues that she never worked at the jail and only would have learned about Lewis's mental health needs from speaking with a jail employee.

Thunder is entitled to the same deference that this court extends to all *pro se* litigants, including plaintiff. Having satisfied the three-part showing required by Rule 55(c), therefore, I will grant her motion to set aside the entry of default and deny plaintiff's request for default judgment. *See Cracco*, 559 F.3d at 631 (failure to respond due to inadvertence is good cause for a late submission); *see also Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675-76 (7th Cir. 1987)

("[D]efault judgments should generally be set aside . . . where the default has not been willful."). First, given her *pro se* status, it is understandable that Thunder might believe that the FCP Tribe would be representing her because she was its employee during the relevant time period. Second, in filing her motion four days after entry of default, Thunder certainly acted promptly to correct her mistake. Third, without delving into the details of the merits, Thunder may well be able to show that she lacked sufficient personal involvement in Lewis's care and treatment to be held liable. *See Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010) ("individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation'").

## ORDER

IT IS ORDERED that:

(1) Defendant Betty Thunder's Motion to Set Aside Default (dkts. ##87, 93) is GRANTED.

(2) Plaintiff Edward Max Lewis's Motion for Default Judgment (dkt. #65) is DENIED.

Entered this 22nd day of November, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge