IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD MAX LEWIS,

          Plaintiff,

v.

GEORGE STAMPER, *et al.*,

          Defendants.

OPINION AND ORDER

14-cv-446-wmc

In this *pro se* civil rights lawsuit, plaintiff Edward Max Lewis proceeds on claims that during his stay at the Forest County Jail from October 26, 2003, to June 28, 2004, the defendants violated his constitutional, statutory and state common law rights by failing to provide him with adequate medical and mental health treatment and subjecting him to inhumane conditions of confinement. On November 21, 2017, Magistrate Judge Stephen Crocker issued an order granting defendants' motion to compel. In that order, Judge Crocker directed Lewis to return a modified form to defendants that consented to disclosure of his medical records from October 26, 2001, to June 18, 2014, by December 4, 2017, and warned Lewis as follows:

> This court does not compel parties to disclose confidential medical or psychiatric information if they choose not to. But a failure to disclose this information almost certainly will result in the court either dismissing his medical-care related claims, precluding him from asserting a tolling defense, or both. This is because it is not fair to defendants for Lewis to make the sort of claims that he has made here without giving the defendants access to the information that underlies these claims so that the defendants may investigate and defend against these clams. Lewis may choose how he wishes to proceed, but he has to *choose*; he cannot have it both ways.

(Dkt. #104.) Since Lewis failed to comply with that order, defendants have filed motions for summary judgment and to dismiss for failure to prosecute. (Dkt. ##107, 114.) Lewis

failed to respond to either opposition deadline, and instead, on January 22, 2018, Lewis submitted a letter to the court requesting assistance in recruiting counsel. (Dkt. #120.) For the reasons that follow, the court is denying Lewis's request for counsel, but will give Lewis *one last chance* to comply with the November 21, 2017, order before dismissing this case pursuant to Federal Rule of Civil Procedure 41(b).

OPINION

I. **Request for assistance in recruiting counsel**

As an initial matter, Lewis's request for assistance in recruiting counsel will be denied. The starting point for all such requests is that there is no general right to counsel in civil cases. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Rather, courts have discretion to grant motions for assistance in recruiting counsel where a party meets several requirements, *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010), and this is simply not one of those relatively few cases in which the legal and factual complexities of the case exceeds the plaintiff's ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Indeed, the operative question is not whether a lawyer will do a *better* job than he can -- that is almost always the case -- but rather whether practically speaking Lewis is unable to represent himself. The answer is no for the reasons that follow.

Lewis has been litigating this case since 2014 and has demonstrated success, both procedurally and substantively, having won an appeal of this court's initial dismissal of his case. Lewis's filings since then continue to illustrate his ability to write and think clearly, and the same is true with respect to his discovery exchanges with defendants. It is only

now, when the court has informed him that he needs to sign the medical release form and respond to defendants' motions to avoid dismissal, that Lewis has been less engaged, but the record does not suggest that he is incapable of complying. Lewis represents that he was arrested in October and November, released shortly thereafter, and then admitted to a mental hospital in November and December. Lewis further states that because his probation officer placed him in a shelter and he is unable to get his mail and legal materials, he does not have access to the information he needs to litigate this case. Lewis adds that he is willing to sign a medical release form if he receives one, but he thought he was waiting for one.

These representations appear to be an inappropriate attempt to delay this lawsuit further. For one, Lewis's statement that he was waiting for the medical release form is contradicted by the discovery materials filed in this case. In fact, when Lewis responded to defendants' discovery requests, he objected specifically to defendants' request that he sign the release form, not on the ground that he did not receive the form, but because the "information they seek is in excess to any issue complained of in the complaint and contains other issues not relevant to the issues complained of." (Pl.'s Discovery Resp. (dkt. #76-2) at 6.) Moreover, even assuming that Lewis lost the form, given that he has the ability to contact the court, he likewise has the ability contact defendants, and thus should have requested another copy of the medical release form. As such, the court is unconvinced that Lewis is incapable of complying with the court's order and his request for counsel is denied.

3

**II. Defendants' motions to dismiss or for summary judgment**

Turning to defendants' motions, they seek judgment on two grounds: statute of limitations and failure to prosecute.

**A. Statute of limitations**

First defendants seek summary judgment because, on this record, Lewis's claims are untimely as a matter of law. Specifically, they point out that Lewis's claims arose during his time in the Forest County Jail between October 26, 2003, and June 28, 2004, but he did not file this lawsuit until June 18, 2014, well beyond the six-year statute of limitations related to his claims. *Kennedy v. Huibregtse*, 831 F.3d 441, 442 (7th Cir. 2016) ("[T]he statute of limitations for section 1983 claims in Wisconsin is six years, …."). Defendants' position is that, since Lewis appears to be seeking to argue that his statute of limitations was tolled due to a mental incapacity, Lewis's refusal to permit defendants' access to the materials relevant to this defense precludes him from asserting it.

As previously noted, Judge Crocker warned Lewis that if he did not turn over the medical release authorization form by December 4, 2017, the court may preclude him from asserting a tolling defense. Unfortunately for Lewis, that scenario appears to have come to fruition. To date -- four months after the court-imposed deadline to sign the release form -- Lewis has made no effort to comply with defendants' request. That said, the court will take Lewis at his word that he was separated from his legal materials and that he now is willing to sign the release form if he receives one. Therefore, the court will give him one more chance to comply with the November 21 order by giving him a small window of time -- until **April 20, 2018** -- to return the modified authorization form to defendants. To

4

ensure that Lewis has access to the necessary materials to return that authorization, copies of docket entries #76-1, which includes the authorization form, and #104, Judge Crocker's order, will be mailed to him along with this order. Failure to comply with this order will result in the court sanctioning Lewis by precluding him from arguing that the six-year statute of limitations was tolled because he was incapacitated. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (permitting court to prohibit a "disobedient party from supporting or opposing designated claims or defense").

### B. Failure to comply with the court's order

Second, defendants seek dismissal due to Lewis's refusal to either disclose his physician list or sign a medical release authorization form by December 4, 2017, as required by the November 21, 2017, order. Under Rule 41(b), a defendant may move for dismissal of an action with prejudice if a plaintiff fails to "prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Before a district court imposes a Rule 41(b) dismissal, it should consider: "1) whether the wrongdoer (or [his] counsel) received 'due warning' that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case." *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000) (citing *Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993)).

While not every factor supports dismissal at this point, it is a very close call.  First, the November 21, 2017, order warned Lewis that his claims and tolling defense would be subject to dismissal if he failed to comply with the order.  Second, Lewis's delay is significant:  defendants had been attempting to obtain Lewis's discovery responses since May of 2017, but Lewis still has not complied, nor does his letter indicate that he has even begun preparing an opposition to defendants' motions or that he needs an extension of time within which he may respond.  Moreover, the magnitude of Lewis's failure to comply is quite significant at this point:  his deliberate indifference claim hinges on the medical care he received in 2003 and 2004 and his tolling defense relies on his mental state since then, but he nonetheless refuses to provide defendants with discovery materials directly related to those issues.  The third factor militates slightly against dismissal because, while the court has granted defendants' motion to compel, this court has not imposed less severe sanctions previously.  The fourth factor weighs heavily in favor of dismissal because defendants, who have been attempting to reach the merits of this lawsuit since May of 2017, are significantly prejudiced by Lewis's delay because they have not been able to develop the factual record related to Lewis's physical and mental health necessary to defend themselves.  Finally, given that the merits of Lewis's case depend in large part on his medical records, this factor is neutral.  Considering all of these factors together, the court will not dismiss this lawsuit at this point, but should Lewis fail to meet the April 20 deadline, it will grant defendants' motion to dismiss pursuant to Rule 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Lewis's motion for assistance in recruiting counsel (dkt. #120) is DENIED.

2. **Plaintiff has until April 20, 2018, to return to defendants the modified form consenting to disclosure of his medical records from October 26, 2001, to June 18, 2014. Failure to meet this deadline will result in the court (1) precluding plaintiff from asserting the defense that his statute of limitations was tolled and (2) dismissing plaintiff's medical and mental health care claims.**

Entered this 6th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge